IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| JOSEPH A. VRICELLA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-1253-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| HENRY M. PAULSON, JR., Secretary, Department of the Treasury, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

    Joseph A. Vricella
    16869 S.W. 65th Avenue
    Lake Oswego, Oregon 97035

        Pro Se Plaintiff

    Karin J. Immergut
    United States Attorney
    Kelly A. Zusman
    Assistant United States Attorney
    1000 S.W. Third Avenue, Suite 600
    Portland, Oregon 97204-2902

        Attorneys for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Joseph Vricella alleges a retaliation claim under Title VII based on his supervisor's request that he perform a clerical function. Before the court is Defendants' Motion to Dismiss (#3). For the reasons below, I dismiss the action.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (quotation omitted) (abrogating Conley v. Gibson, 355 U.S. 41, 45-46 (1957) and its test that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim"). A plaintiff does not need to allege detailed facts, but such a requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id. Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (internal citations and quotations omitted).

Normally, the review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. Diaz v. Int'l Longshore and Warehouse Union, Local 13, 474 F.3d 1202, 1205 (9th Cir. 2007). The court is not required to accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 972 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005). The court may also review a document extrinsic to the

complaint if the authenticity of the document is not contested and the document is integral to the claims. Fields v. Legacy Health System, 413 F.3d 943, 958 n.13 (9th Cir. 2005).

## ALLEGED FACTS

In response to defendants' motion, Vricella filed a document titled First Amended Complaint which does not allege any facts and only states the procedural posture of the case. Because of the lack of factual allegations, I will ignore this document rather than replace the Complaint with it. Accordingly, I take the alleged facts from: (1) the Complaint; (2) the June 8, 2007 United States Equal Employment Opportunity Commission Decision, Compl. Ex. 1; and (3) the February 23, 2007 Department of the Treasury Final Agency Decision, Defs.' Mem. in Supp. of Mot. to Dismiss Ex. A.

Vricella, a former supervisor with the Internal Revenue Service, filed an EEO Complaint which was settled in an EEO Resolution Agreement ("Agreement") on August 9, 2006. The Agreement provided that management would remove a letter of reprimand from Vricella's personnel file and temporarily promote him from March 5, 2006 through September 2, 2006. In exchange, Vricella agreed to retire on September 2, 2006 and to withdraw his complaint.

On August 23, 2006, ten days prior to Vricella's retirement, his supervisor, Maureen Szostak, asked Vricella to perform the clerical function of inputting his agent's time documents into a computer program for processing. Vricella would need to input data from three or four agents in addition to his own. Vricella alleges that Szostak had clerical employees available to input the data but assigned the task to him in retaliation for his prior EEO complaint. According to Vricella, the Agreement left Szostak diminished in her role as Territory Manager. Vricella

seeks an oral apology delivered in front of all Portland employees and $1 million in punitive damages.

## DISCUSSION

Defendants seek to dismiss the Complaint, arguing that Vricella did not allege that he suffered an adverse employment action. Defendants argue that the single request to perform a clerical task is insufficient to constitute an adverse action cognizable under Title VII because the request would not dissuade a reasonable employee from making or supporting a charge of discrimination.

Vricella argues that Szostak's action was punitive and deliberate. Because he believed that Szostak would continue to retaliate in this manner, Vricella decided against rescinding his application for retirement, an action he was considering prior to Szostak's request.

To establish a Title VII retaliation claim, a plaintiff can establish a prima facie case by establishing the following factors: (1) involvement in a protected activity; (2) an adverse employment action; and (3) a causal link between the activity and the employment action. Stegall v. Citadel Broadcasting Co., 350 F.3d 1061, 1066 (9th Cir. 2003).

An adverse employment action is adverse treatment that is reasonably likely to deter employees from engaging in protected activity. Ray v. Henderson, 217 F.3d 1234, 1243 (9th Cir. 2000) (new policies that decreased pay, decreased the amount of time to complete the same amount of work, and decreased the ability to influence workplace policy were found to be adverse employment actions); Poland v. Chertoff, 494 F.3d 1174, 1180 (9th Cir. 2007) (initiation of an investigation and a transfer across the country were adverse employment actions). Employment decisions that can constitute an adverse employment action include termination,

dissemination of a negative employment reference, issuance of an undeserved negative performance review, and refusal to consider for promotion. Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000). Other employment decisions are not sufficient to deter reasonable employees from complaining about Title VII violations and, thus, are not considered adverse employment actions. These include declining to hold a job open for an employee, "badmouthing" an employee outside of the job reference context, transferring an employee where salary is unaffected, ostracism at the hands of coworkers, and work assignments with the harasser's friends as long as the friend shows no outward signs of hostility. Id. at 928-29. Moreover, actions which are subject to appeal, such as negative performance reviews and shift and vacation assignments, are not sufficiently final to constitute an adverse employment action. Id. at 929-30.

Vricella complains of Szostak's one request, delivered immediately prior to his retirement, to perform a clerical function. As a single request, it was less onerous than a transfer where salary is unaffected, which Brooks noted was insufficient to deter reasonable employees from complaining about Title VII violations.

The Court's discussion of Title VII retaliation in Burlington North. & Santa Fe Ry. Co. v. White, __ U.S. __, 126 S. Ct. 2405 (2006), is also instructive. Title VII's anti-retaliation provision "protects an individual not from all retaliation, but from retaliation that produces an injury or harm." Id. at 2414. "[N]ormally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence." Id. Vricella was clearly offended by Szostak's request. I conclude, however, that the request falls within the category of a slight or minor annoyance which would not deter a reasonable employee from complaining about Title VII

violations. Consequently, the request to perform a clerical function is not an adverse employment action.

Thus, Vricella failed to allege facts to support the adverse employment action element of his Title VII retaliation claim. A court may deny leave to amend when any proposed amendment would be futile. <u>AmerisourceBergen Corp. v. Dialysist West, Inc.</u>, 465 F.3d 946, 951 (9th Cir. 2006). Vricella did not formally ask for leave to amend and did not argue any additional facts that would have changed the analysis. Thus, I will dismiss the action without allowing him to file an amended complaint.

## CONCLUSION

Defendants' Motion to Dismiss (#3) is granted. This action is dismissed with prejudice.

IT IS SO ORDERED.

Dated this    8th    day of November, 2007.

                       /s/ Garr M. King
                       Garr M. King
                       United States District Judge